No. 2-09-0127    Filed: 6-11-10

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of McHenry County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 01--CF--363 |
| KENNETH SMITH, | ) ) | |
| Defendant | ) ) | Honorable Sharon L. Prather, |
| (Jenner and Block LLP, Appellant). | ) | Judge, Presiding. |

JUSTICE JORGENSEN delivered the opinion of the court:

The law firm of Jenner & Block LLP,[1] which represented Kenneth Smith pro bono in his criminal trial, appeals from an order denying a motion asking that it be reimbursed for the costs of having transcripts prepared during the trial. It asserts that section 113--3(c) of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/113--3(c) (West 2008)) authorizes--and in these particular circumstances, mandates--reimbursement. We hold that section 113--3(c) is applicable to counsel appointed under section 113--3(b) of the Code only (725 ILCS 5/113--3(b) (West 2008)) and was thus not a basis on which the court could order the State to cover these expenses for pro bono counsel. Accordingly, we affirm.

---

[1]The appeal documents list Smith as the appellant, but Jenner & Block is the true interested party.

## I. BACKGROUND

A jury found Smith guilty of first-degree murder and attempted armed robbery. The court sentenced him on October 29, 2008. On November 19, 2008, defense counsel filed a petition asking that Smith be provided free transcripts on appeal and that Jenner & Block be reimbursed for the $7,244.90 it had spent to have transcripts produced during the trial. Counsel cited Supreme Court Rule 607(b) (210 Ill. 2d R. 607(b)) (concerning transcripts on appeal) as the basis for the request, but, without citing section 113--3 of the Code, also cited cases interpreting section 113--3. At a December 3, 2008, hearing, the State took no position on the request. The court, however, said that it was "not saying that [the] motion [did] not have merit," but said that there were "some procedural problems involved in it." Further, it stated that "it [was] not the county's responsibility to pay for transcripts of indigent individuals. It is the [S]tate's responsibility." The court continued the hearing for counsel to present authority on whose duty it was to pay.

On December 16, 2008, Smith moved to have the State pay for production of transcripts for the appeal. On December 18, the court found Smith to be indigent and granted that request as to all hearings for which transcripts did not exist.

On January 2, 2009, counsel filed a new motion for reimbursement for the costs of producing transcripts already made. This motion cited section 113--3(c) of the Code as a basis for such reimbursement and cited case law that assertedly showed that, although the section refers to appointed counsel only, pro bono counsel is also entitled to reimbursement of reasonable expenses. Counsel argued that, because of the trial's complexity and the existence of disputes over the record's content, preappeal transcripts were necessary for proper representation. Finally, they argued that the

State would have had to pay for the same transcripts for the appeal had they not already been produced.

On January 7, 2009, after a brief argument, the court denied the motion with no comment; counsel filed a notice of appeal in Smith's name.

On appeal, counsel argue that the denial was a result of the court's failure to recognize that reimbursement was possible under section 113--3(c), so that the court never used the discretion granted it to decide whether reimbursement was appropriate. Under questioning at oral argument, counsel agreed that the transcript costs they had presented were for daily transcripts, which counsel conceded were higher than the costs of transcripts for appeal.

## II. ANALYSIS

We hold that, as a matter of law, section 113--3(c) did not authorize the trial court to order payment of expenses to nonappointed counsel. Section 113--3(c) allows the trial court to consider the expenses of counsel, but only as part of an award of <u>fees</u>. We hold that an award of fees is not proper for nonappointed counsel, such as Jenner & Block here.

Section 113--3(c) provides:

"Upon the filing with the court of a verified statement of services rendered the court shall order the county treasurer of the county of trial to pay counsel other than the Public Defender a reasonable fee. The court shall consider all relevant circumstances, including but not limited to the time spent while court is in session, other time spent in representing the defendant, and expenses reasonably incurred by counsel." 725 ILCS 5/113--3(c) (West 2008).

Counsel argue that section 113--3(c) "<u>requires</u> the trial court to order the county treasurer to reimburse reasonable expenses incurred by pro bono counsel." (Emphasis in original.) They assert that the trial court "ignored the mandate" of the section, which they quote as stating "that the trial court '<u>shall</u> order the county treasurer to [sic] of the county of trial to pay counsel other than the Public Defender a reasonable fee . . . and expenses reasonably incurred.' "[2] (Emphasis and omission in original.) This description of the section's action literally excises its interpretive difficulty.

In full, section 113--3(c) presents a problem of statutory interpretation: it seems to allow the court to award <u>a fee</u> to "counsel other than the Public Defender" (725 ILCS 5/113--3(c) (West 2008)), a phrase that superficially seems to apply to retained counsel, paid or <u>pro bono</u>. That is an absurd result that we need not accept.

> "The cardinal rule of statutory construction is to ascertain and give effect to the intent of the legislature. [Citation.] The best evidence of legislative intent is the language of the statute, and when possible, the court should interpret the language of a statute according to its plain and ordinary meaning." <u>In re Donald A.G.</u>, 221 Ill. 2d 234, 246 (2006).

However, a court should not read the words and phrases in a statute in isolation but should, rather, read them in the context of the statute as a whole. <u>Donald A.G.</u>, 221 Ill. 2d at 246. Further, when a literal reading of the language "produces absurd or unjust results not contemplated by the legislature" as that intent is shown by the rest of the statute, courts need not accept a literal reading. <u>Donald A.G.</u>, 221 Ill. 2d at 246. "Issues of statutory construction are questions of law that [a court] review[s] <u>de novo</u>." <u>Donald A.G.</u>, 221 Ill. 2d at 246.

---

[2]At oral argument, counsel spontaneously acknowledged to us that the brief improperly quoted the section. That candor was well placed.

Here, section 113--3(b) of the Code (725 ILCS 5/113--3(b) (West 2008)) gives some necessary context. It provides:

"In all cases, except where the penalty is a fine only, if the court determines that the defendant is indigent and desires counsel, the Public Defender shall be appointed as counsel. If there is no Public Defender in the county or the defendant requests counsel other than the Public Defender and the court finds that the rights of the defendant will be prejudiced by the appointment of the Public Defender, the court shall appoint as counsel a licensed attorney at law ***." 725 ILCS 5/113--3(b) (West 2008).

Next follows a requirement that a defendant seeking free counsel file an affidavit of assets; section 113--3(c) then follows immediately.

The immediate environment of section 113--3(c) is thus a provision for the appointment of counsel for indigent defendants. Therefore, the most natural way to read section 113--3(c) is as a provision for payment of counsel so appointed. Counsel assert that the section is authority for a trial court to grant expenses whenever a defendant is indigent. That suggestion would sound at least plausible applied to the language that counsel purported to quote--in which a trial court could order a reimbursement of expenses that is separate from an overall grant of fees. However, we deem it a strain to think that retained counsel, pro bono or paid, are entitled to expenses under the rubric of "a reasonable fee" (725 ILCS 5/113--3(c) (West 2008)).

Counsel argued to us and the trial court that, because section 113--3(d) of the Code (725 ILCS 5/113--3(d) (West 2008)), concerning fees for expert witnesses, has been interpreted to apply when a defendant has pro bono counsel, section 113--3(c) should as well. In fact, the wording of that section shows that the legislature has specifically required the State to pay certain expenses of

indigent defendants <u>no matter what their source of representation</u>. Section 113--3(d) applies to pay some expert witness costs "[i]n capital cases *** if the court determines that the defendant is indigent." 725 ILCS 5/113--3(d) (West 2008). The legislature could have equally well specified that section 113--3(c) also applies if the court determines that the defendant is indigent (see 725 ILCS 5/113--3(d) (West 2008)); it did not. Thus, this court cannot place reliance on cases such as <u>People v. Evans</u>, 271 Ill. App. 3d 495, 502, 504 (1995), which have acknowledged that section 113--3(d) is applicable when a defendant has <u>pro bono</u> counsel.

In holding that cases interpreting section 113--3(d) are not authority for reimbursement of expenses to retained counsel, we recognize that section 113--3(d) has been subject to judicial expansion. The expansion of section 113--3(d) does not on the facts here provide precedent for the expansion of section 113--3(c). Section 113--3(d) provides for State payment of expert witness fees for capital defendants only, yet the supreme court has held that, to ensure that indigent defendants in noncapital felony cases have the "substance" of the constitutional right to call witnesses, such defendants also are entitled to have the State pay for necessary expert witnesses. <u>People v. Watson</u>, 36 Ill. 2d 228, 233-34 (1966). (The right to State payment of expert witness fees is triggered only when "the expertise sought goes 'to the "heart of the defense." ' " <u>People v. Keene</u>, 169 Ill. 2d 1, 7 (1995), quoting <u>People v. Lawson</u>, 163 Ill. 2d 187, 221 (1994), quoting <u>Watson</u>, 36 Ill. 2d at 234.) Counsel have suggested no similar constitutional necessity here.

In their final argument, counsel assert that, because under Rule 607(b) the State would ultimately bear the cost of all transcripts on appeal, it was inherently reasonable that the State reimburse counsel for the cost of the transcripts already procured at trial. This argument fails for two reasons.

First, as noted, counsel ordered daily transcripts, which, as conceded by counsel, cost more than the standard transcripts. We cannot determine the costs of the transcripts had they been ordered under Rule 607(b) and, therefore, would be unable to determine an appropriate amount of reimbursement. We are mindful that this issue could be cured by remanding the matter for further proceedings on the difference in costs. However, the second flaw in this argument cannot be cured.

Counsel's second argument under Rule 607(b) is premised on the assumptions that defendant is found guilty and is sentenced and that transcripts are sought for appeal. Thus, had defendant been acquitted, counsel would be unable to recover the reasonable costs of transcripts under Rule 607(b) because there would be no appeal. We cannot accept the proposition that the costs for transcripts are reasonable and recoverable only when a defendant is found guilty and an appeal follows. Recovery of such an expenditure cannot depend on the outcome of a trial. Either an expenditure was reasonable when it was made, or it never was reasonable. We therefore reject counsel's argument, and we find that Rule 607(b) is inapplicable to the case at bar.

## III. CONCLUSION

For the reasons stated, we affirm the order of the trial court denying reimbursement to counsel for costs of transcripts.

Affirmed.

SCHOSTOK, J., concurs.

JUSTICE O'MALLEY, specially concurring:

I agree with the majority that sections 113--3(b) and (c) appear to address the provision of fees to appointed counsel, not retained counsel. Thus, I agree with the majority that section

113--3(c) does not mandate the provision of fees to retained <u>pro bono</u> counsel.[3] Indeed, the concept of <u>pro bono</u> representation is that the attorney volunteering the representation also volunteers to do so at a reduced or no fee, with the difference in fee to be borne by the attorney rather than the client (or the State). However, this does not mean that <u>pro bono</u> counsel can never be entitled to remuneration for the various court-imposed expenses, such as transcript expenses, attendant to their representation. For any defendant, including a defendant who has retained <u>pro bono</u> counsel, court charges (including charges for transcripts) are actually assessed by the court against the defendant himself, not the attorney, even if, as here, the attorney pays the costs initially. Thus, to the extent a defendant is entitled to have those costs waived due to indigence or some other reason, <u>pro bono</u> counsel would not have to bear them. For this reason, I do not read the majority opinion, or the statute it interprets, as having the unsavory effect of penalizing the type of <u>pro bono</u> service that Illinois public policy emphatically favors. <u>Cf.</u> 134 Ill. 2d Illinois Rules of Professional Conduct, Preamble ("It is the responsibility of those licensed as officers of the court to use their training,

---

[3]I do not, however, join in the majority's reasoning for distinguishing section 113--3(d) and related case law. See slip op. at 5-6. To me, the difference between section 113--3(d) on one hand, and sections (b) and (c) on the other, is that sections (b) and (c) address fees for attorneys, while section (d) addresses a cost of litigation, namely, expert witness fees. Section 113--3(d) applies regardless of the type of representation, because it has nothing to do with representation. Sections 113--3(b) and (c) apply to appointed counsel, because they address procedures related to appointed counsel. For that reason, I agree with the majority that case law holding that section 113--3(d) applies in cases defended by <u>pro bono</u> counsel does not affect our interpretation of sections 113--3(b) and (c).

experience and skills to provide services in the public interest for which compensation may not be available").  Here, however, although counsel argued to the trial court that the transcripts at issue were necessary for proper representation (see slip op. at 2), they abandoned this argument on appeal in favor of the arguments the majority opinion correctly rejects.  For that reason, although I write separately to point out that the majority opinion does not mean that pro bono counsel in all cases must necessarily pay court expenses out of their own pockets, I agree with the majority's resolution of this appeal.